*1765.*

BANISTER
*v.*
CUNNINGHAM.

---

## Rochefter Proprietors *verf.* Hammond.

(*From Plymouth.*)

*Pleas in Abatement.*

ROCHESTER
PROPRIETORS
*v.*
HAMMOND.

Rec. 1764.
Fol. 238.

THE Writ: Attach Nathan Hammond to anfwer the Proprietors of the common and undivided Land belonging to the Old Townfhip of Rochefter, in our County of Plymouth, in a Plea of Ejeftment, wherein they demand againft the faid Nathan Hammond Poffeffion of 120 Acres of Common Land that lieth in a Traft of Land containing 210 Acres in Rochefter aforefaid; the whole Traft being bounded as follows, &c.; and fay that on the 20th of December, 1739, in a Time of Peace, in the Reign of our late royal Grandfather, George the 2d, that they, among other Common Lands in the faid Old Townfhip of Rochefter, were seized of faid 120 Acres of Land in their Demesne as of

Fee,

In Ejeftment, a Defcription of the Land as "120 Acres of Common Land that lieth in a Traft containing 210 Acres," and giving the Bounds of the whole Traft, is bad for Uncertainty.

Fee, taking the Profits thereof to the Amount of £5 by the Year; and they ought to hold the fame quietly; yet neverthelefs the faid Nathan Hammond has, within 20 Years laft paft, entered into the faid Tract of Land, and now unjuftly holds the Plaintiffs out of faid 120 Acres of Common as aforefaid; and, tho' requefted, refufes to deliver up the Poffeffion thereof; to the Damage of the faid Proprietors, &c.

Pleas: And the faid Nathan Hammond comes and defends, &c., and faith the Plaintiffs' Writ and Declaration aforefaid is bad and ought to abate, for that the Proprietors therein demand againft the faid Defendant Poffeffion of 120 Acres of Land, but have not therein fet forth the Bounds of faid Land, nor defcribed the fame with fufficient Certainty, as by Law they ought to have done; 2d, for that the Plaintiffs have not therein fet forth that the Defendant ever ejected them from faid Land, as they ought to have done; 3rd, for that the Plaintiffs have not fet forth that they were feifed of Land at the Time when the Defendant in faid Declaration is faid to enter into the fame, as they ought to have done; and thefe Pleas the Defendant is ready to verify, and thereof prays Judgment.

        *R. T. Paine.*

And the faid Nathan comes and faith that he holds 98 Acres of Land within the Bounds fet forth in the Plaintiffs' Declaration, by Virtue of a Deed of Bargain and Sale from his Father, N. Hammond, dated the 26th of March, 1734, who is fince deceafed, which Deed includeth a Covenant
           of

of Warranty againſt all Perſons, and that his ſaid Father held the ſame by Deed of Bargain and Sale, dated January 30, 1699, of John Hammond, who is ſince deceaſed, and which laſt Deed contains a Covenant of Warranty general; and the ſaid Nathan alſo ſaith, that he holds twenty-two Acres of Land within the ſaid Bounds, of Joſeph Jenkins of Edgartown, in the County of Dukes County, by a Deed of Bargain and Sale from him, with a Covenant of Warranty general, dated March 3rd, 1763, and therefore prays Proceſs of this Honourable Court may iſſue to vouch in the Heirs of the ſaid John Hammond and the ſaid Joſeph, to defend his Title to ſaid Land.

<div align="right">*R. T. Paine.*</div>

*Mr. Paine.* Your Honours will obſerve that there is not the leaſt Certainty in their Declaration. No Bounds are ſet to the Land demanded, but only the Bounds are given of a certain Tract from whence they are demanded. Now in England you muſt ſet forth not only the Bounds, but alſo the particular Sort of Land, whether Paſture, Meadow Land or not. As in *Savel's Caſe*, 11 Rep. 55. In this Caſe they have gone infinitely wide of the Mark. They have not told us whereabouts the Land they would eject us from lies; their Writ muſt of Conſequence fail.

*Mr. Otis.* Your Honours will preſume in Favour of the Writ, if not expreſs. The Lot from whence we demand this Land is clearly deſcribed; and we have ſet forth that we demand the ſoutherly Part of a 210-Acre Lot. The Sheriff, when he

<div align="right">gives</div>

<div align="right" style="float:right">
1765.

ROCHESTER
PROPRIETORS
*v.*
HAMMOND.
</div>

1765.
ROCHESTER
PROPRIETORS
*v.*
HAMMOND.

gives us Poffeffion, may affign to us the fouthern-
moft Part of the Lot, and *Id Certum eft*, *quod*, &c.
But let the Sheriff give us Poffeffion of the Whole,
'twill certainly be good for our Part recovered.

*Mr. Gridley.*   They have failed in a material
Point.    No legal Judgment can ever be grounded
on this Procefs.    No Execution, which is the
Fruit of Judgment, can ever be levied, fhould they
recover; for a Sheriff fhall not make that certain
which his Precept has not made fo.

*Juft. Ruffell.*   If the Sheriff fhould lay out
wrong, would not Hammond remain poffeft of the
Whole ?

*Ch. Juftice.*   'Tis impoffible for the Sheriff to
lay out at all.

*Unanimoufly abated.* (1)

(1) See *Atwood* v. *Atwood*, 22 Pick. 287, *Wilde*, J. — " When lands
are demanded, the defcription of them muft be fo certain that feifin
may be delivered by the fheriff without reference to any defcription de-
hors the writ."